455 F.2d 978
 Anthony T. LEE et al., Plaintiffs, United States of America,
Plaintiff-Intervenor and Amicus Curiae-Appellee,
v.
MACON COUNTY BOARD OF EDUCATION et al., Defendants, Oxford
City Board of Education, Defendant-Appellant,
Calhoun County Board of Education,
Defendant-Appellee.
 No. 71-2735.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 4, 1972.
 
 John R. Phillips, Anniston, Ala., for Oxford City Bd. of Educ.
 H. R. Burnham, Burnham, Klinefelter, Halsey & Love, Anniston, Ala., for Calhoun County Bd. of Educ.
 Theodore J. Garrish, Thomas M. Keeling, Education Section-Civil Rights Div., Dept. of Justice, Washington, D. C., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Brian K. Landsberg, Dept. of Justice, Washington, D. C., David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., A. Lattimore Gaston, Asst. U. S. Atty., Michael A. Sterlacci, Atty., Dept. of Justice, Washington, D. C., for United States.
 Solomon S. Seay, Jr., Montgomery, Ala., for the N. E. A.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following this school-desegregation case's last appearance in this Court, Lee v. Macon County Board of Education, 5 Cir. 1971, 448 F.2d 746, the district court, believing that it had no choice in the matter under our opinion, ordered the pairing of public schools in the City of Oxford and the County of Calhoun, Alabama. The City of Oxford Board of Education appeals from that order.
 
 
 2
 The language of our previous decision in this case was open to the construction given it below, i. e., as mandating the pairing of the public schools in Oxford and the adjacent sections of Calhoun County. Clearly, we should decline to hold the lower court in error on this appeal.
 
 
 3
 Nevertheless, we believe it appropriate to remind the parties to this litigation that the court below, under this Court's decision in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, is required to retain jurisdiction for at least three years following the achievement of a unitary school system. During this period, the parties will be free to seek such modifications of the desegregation order as appear justified in the light of changed conditions, new insights into the educational problems confronting the public schools, or later developments in the jurisprudence.
 
 
 4
 Affirmed.